**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ROBERT W. JOHNSON** | **DOCKET NO. 6:24-cv-1362** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **LOUISIANA DEPT CHILDREN & FAMILY SERVICES** | **MAGISTRATE JUDGE DAVID J. AYO** |

# REPORT & RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Robert W. Johnson, who is proceeding *pro se* and *in forma pauperis* in this matter. (Rec. Doc. 1). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

## I. BACKGROUND

Plaintiff brings the instant suit pursuant to 42 U.S.C. § 1983, alleging that he was discriminated against by the defendant, the Louisiana Department of Children and Family Services, due to his race, sex, education, financial status, retaliation, and disability. (Rec. Doc. 1 at 4). He seeks monetary damages in the amount of $5,000,000.00. (*Id.* at 5).

## II. LAW & ANALYSIS

### A. Leniency for *Pro Se* Plaintiffs

Plaintiff is not represented by counsel. The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Cledera v. United States*, 834 Fed. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales,* 459 F.3d 538, 543 (5th Cir. 2006)). However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should

not create causes of action where none exist. *Chhim v. Univ. of Tex. at Austin,* 836 F.3d 467, 469 (5th Cir. 2016); *see also Taylor v. Books A Million, Inc.,* 296 F.3d at 378*; Cledera v. United States*, 834 Fed. App'x at 972). A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). Furthermore, *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees — indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

**B. Frivolity Review**

Plaintiff is not a prisoner; however, he is proceeding *in forma pauperis*. (Rec. Doc. 3). District courts have authority under Section 1915 to dismiss a complaint *sua sponte* where the complaint "(1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." *Malone v. La. Dep't of Safety & Corr.*, 2017 U.S. Dist. LEXIS 151143 (W.D. La. Aug. 25, 2017) (citations omitted); *see Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A court may dismiss a complaint under this standard "if it lacks an arguable basis in law or fact." *Id.*; *see Moore v. Mabus*, 976 F.2d 268, 269-70 (5th Cir. 1992) (explaining the distinction between factual and legal frivolousness in *in forma pauperis* complaints). Although courts construe *pro se* filings liberally in this context, dismissal is appropriate where the claims have no chance of success, *Id.; cf. Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993) (noting

dismissal of claims with "some chance" of success is inappropriate at screening stage but affirming dismissal where *pro se* plaintiff's claim "[was] based upon an indisputably meritless legal theory"). Moreover, "[t]he statute applies equally to prisoner and non-prisoner cases." *Id.; see, e.g., Booker*, 2 F.3d at 115 (applying Section 1915 to non-prisoner, former arrestee who claimed wrongful arrest and affirming dismissal under Section 1915); *Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner *pro se* litigant); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."). The Court finds in accord with these authorities that Section 1915(e)(2)(B) applies to non-prisoners and prisoners alike and, accordingly, has performed an initial review of the allegations.

**C. Section 1983/Bivens**

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

**D. Eleventh Amendment Bar**

The Eleventh Amendment generally bars private suits against nonconsenting states in federal court. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) ("Sovereign immunity is the privilege of the sovereign not to be sued without its consent."). "The Supreme Court has recognized that sovereign immunity also prohibits suits against

state officials or agencies that are effectively suits against a state." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). However, the Supreme Court has recognized an exception to Eleventh Amendment sovereign immunity, where a party brings a suit "for injunctive or declaratory relief against individual state officials acting in violation of federal law." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry' into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *In Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)).

Plaintiff makes the conclusory allegation, with no supporting facts, that he was discriminated against by the defendant and seeks only monetary damages in his prayer for relief. Plaintiff's primary causes of action in his complaint appears to arise under § 1983, the federal civil rights statute imposing liability on "every person" who under color of law deprives another person of his or her civil rights. *See* 42 U.S.C. § 1983. The Department of Children and Family Services itself is not amenable to any suit under § 1983, for damages or for injunctive relief, as the Supreme Court has held that it is not a person for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, this matter should be dismissed.

## III. CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 31st day of October 2024.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE